IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTY REED, et al.,

                          Civil No. 04-3110-CO

          Plaintiffs,

                          ORDER

    v.

AMERICAN HONDA FINANCE
CORPORATION, et al.,

          Defendants.


COONEY, Magistrate Judge:

Plaintiffs bring this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and the Oregon Unlawful Debt Collection practices Act, ORS 646.639 et seq.. Defendants move pursuant to Fed. R. Civ. P. 12 to dismiss plaintiff's complaint (#30).

Federal Rules of Evidence Rule 201 allows the court to take judicial notice of orders and decisions made by other courts or administrative agencies. Papai v. Harbor Tug and Barge Co., 67 F.3d 203, 207 fn. 5 (9th Cir. 1995)(citations omitted), reversed on other grounds, 520 U.S. 548 (1997). The court may also take judicial notice

of public records without converting a 12(b)(6) motion into a motion for summary judgment. <u>Henson v. CSC Credit Services</u>, 29 F.3d 280, 284 (7th Cir. 1994). A court ruling on a motion to dismiss pursuant to Rule 12(b)(6) may also consider documents whose authenticity are not contested, and upon which the plaintiff's complaint necessarily relies, even though the documents are not specifically mentioned in the complaint, without converting the motion to dismiss to a motion for summary judgment. <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 (9th Cir.), <u>cert. denied</u>, 525 U.S. 1001 (1998).

There is no dispute regarding the authenticity of any of the bankruptcy documents submitted by defendants. Therefore, the court has considered these documents in ruling on defendants' motion to dismiss. The court finds that these documents may be properly considered without converting the motion to dismiss to a motion for summary judgment.

## I. **FACTS**

For the purposes of this motion, the court finds the following facts, which are taken from plaintiffs' complaint as well as the additional documents submitted by the defendants.

Plaintiff Kristy L. Reed filed for Chapter 7 bankruptcy in August of 2004. (Defendants' Exhibit 1). On October 25, 2004, the bankruptcy court issued an order for relief from the stay and allowing American Honda Finance Corporation to foreclose on and obtain possession of Ms. Reed's 2003 Honda Civic LX Sedan. (Defendant's Exhibit 2). The bankruptcy court discharged Ms. Reed's debts on December 15, 2004. (Defendant's Exhibit 3).

Plaintiffs Kristy L. Reed and Dennis E. Hoschler filed this complaint on December 30, 2004 (Docket #1). Defendant American Honda Finance Corporation (American Honda) is in the business of making consumer loans, servicing consumer loans, and collecting debts owed on consumer loans. (Complaint ¶2). Defendant One Stop Recovery and Transport, Inc. (One Stop) is in the business of collecting consumer debts on behalf of third party creditors. (Complaint ¶3).

Ms. Reed owed a debt to American Honda in connection with her purchase of a 2003 Honda Civic LX Sedan. (Complaint ¶4 and Defendants' Exhibit 1 at 6, 12, 14). Ms. Reed and American Honda entered a security agreement regarding the vehicle. (Defendants' Exhibit 1 at 14). Mr. Hoschler is Ms. Reed's significant other. (Complaint ¶4).

One Stop was American Honda's agent for the purposes of collecting the debt Ms. Reed owed to American Honda. One Stop acted within the course and scope of their agency relationship with American Honda. (Complaint ¶5).

In October 2004, One Stop contacted Ms. Reed regarding the debt, and failed to provide her with certain information in connection with the debt. (Complaint ¶6). In addition, One Stop followed Ms. Reed to Mr. Hoschler's home and advised Ms. Reed that, if she did not unlock the garage door, behind which the 2003 Honda Civic LX Sedan was stored, they would tear the garage door down and take the vehicle. When Ms. Reed refused, One Stop advised her she was acting illegally and that the sheriff would be called to force her to turn over the vehicle to them or arrest her. (Complaint ¶7).

Ms. Reed advised Mr. Hoschler of One Stop's presence and Mr. Hoschler approached One Stop to offer assistance. One Stop demanded that Mr. Hoschler open the garage door and return the vehicle under threat that Mr. Hoschler would be arrested if he failed to do so. (Complaint ¶8).

## II. LEGAL STANDARDS

Federal courts require notice pleading. A pleading must contain a short and plain statement of the claim showing the party is entitled to relief. Lynn v. Sheet Metal Workers' International Association, 804 F.2d 1472, 1478 (9th Cir. 1986), cert. granted, 485 U.S. 958, dismissal denied, 487 U.S. 1215, judgment affirmed, 488 U.S. 347 (1989). It must give fair notice and state the elements of the claim plainly and succinctly. Id.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can plead no set of facts in support of a claim. Mishler v. Clift, 191 F.3d 998, 1002 (9th Cir. 1999)(citation omitted). The court accepts plaintiff's material allegations in the complaint as true and construes them in the light most favorable to plaintiff. Id.

## III. DISCUSSION

Defendants move to dismiss plaintiffs' complaint arguing that: 1) plaintiffs lack legal capacity to sue as these claims can only be brought by the bankruptcy trustee;
2) plaintiffs' complaint should be dismissed for failure to state a claim because neither defendant qualifies as a debt collector under the FDCPA;

3) Mr. Hoschler is not a consumer as defined by the FDCA and cannot bring a claim pursuant to the FDCPA; and

4) plaintiffs are estopped from claiming defendants had not present right to possession of the vehicle  as this issue was previously litigated and decided in bankruptcy case number 04-66876-fra7.

As of the date a party files for bankruptcy, any legal claims the party possesses become part of the bankruptcy estate.  Howe v. Richardson, 193 F.3d 60, 61 (1st Cir. 1999), cert. denied, 529 U.S. 1021 (2000).  However, claims that accrue to the debtor after the bankruptcy is filed are not property of the bankruptcy estate, but property of the debtor.  See In re Nobroff, 766 F.2d 797, 803 (3rd Cir. 1985).  The claims in this case accrued in October of 2004 which was after the bankruptcy was filed.  Therefore, these claims were not part of the bankruptcy estate.

The FDCPA prohibits abusive collection practices by debt collectors, and parties who are not debt collectors are not subject to the FDCPA.  See Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2003).  The FDCPA exempts from the definition of debt collector

> any person collecting or attempting to collect any debt owed or due or asserted owed or due another to the extent such activity . . . (ii) concerns a debt owed which was originated by such person . . . [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(F)(ii), (iii).  In addition, a debt collector does not include a consumer's creditors.  Montgomery, 346 F.3d at 698.

Ms. Reed entered into a security agreement with American Honda in connection with the purchase of the vehicle. One Stop acted as the agent of American Honda in attempting to repossess the vehicle. These facts show that American Honda and One Stop are not debt collectors as defined by the FDCPA with the exception of plaintiffs' claims alleging violation of 15 U.S.C. § 1692f(6). See Id. at 699-701.

Section 1692f(6) prohibits the taking or threatening to take non-judicial action to effect dispossession of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest. Id. at 700 fn. 6. The facts of this case show that American Honda was entitled to possession of the vehicle pursuant to the bankruptcy court's order. See Id. at 700-701. Therefore, section 1692f(6) is not applicable to this case.

## IV. ORDER

Based on the forgoing, it is ordered that defendants' motion to dismiss (#30) is granted and this case is dismissed. The clerk is directed to enter a judgment dismissing this case.


DATED this _____22_____ day of April, 2005.



_____/s/_____

UNITED STATES MAGISTRATE JUDGE