IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTY L. REED and
DENNIS E. HOSCHLER,

        Plaintiffs,

   v.

AMERICAN HONDA FINANCE
CORPORATION and ONE STOP
and TRANSPORT INC.,

        Defendants.

Civil No. 04-3110-CO

ORDER

COONEY, Magistrate Judge:

    Plaintiffs brought this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and the Oregon Unlawful Debt Collection practices Act, ORS 646.639 et seq.. The parties executed written consents for entry of final judgment by a Magistrate Judge. 28 U.S.C. § 636©).

Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12 (#30).. Plaintiffs did not respond to the motion to dismiss. The court entered an order granting defendants' motion to dismiss (#33) and the clerk entered judgment (#34).

Plaintiffs' filed a timely motion to set a side the judgment pursuant to Federal Rules of Civil Procedure Rule 60 (#35). Plaintiffs also filed a response to defendants' motion to dismiss (#36).

Defendants filed a motion in opposition to plaintiffs' motion to set aside the judgment (#37). Defendants' filed a motion for attorney's fees (#39) and a bill of costs (#42), both based upon the judgment. Defendants also filed a second amended motion for an extension of time to file the motion for attorney's fees and bill of costs (#53).

## DISCUSSION

Plaintiffs move to set aside the judgment pursuant to Fed.R.Civ.P. 60(b). Plaintiffs argue that the failure to file a response to defendants' motion to dismiss was due to their attorney's misinterpretation of and failure to read in its entirety the court's procedural rules and that granting plaintiff's motion under these circumstances will assure that both parties are heard before the court reaches a decision. Defendants argue that plaintiffs' attorney's failure to read and understand the rule is not gross negligence or excusable neglect.

Federal Rules of Civil Procedure Rule 60(b) provides in part that: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

To be entitled to relief under Rule 60(b)(1), the movant must demonstrate mistake, inadvertence, surprise, or excusable neglect. In determining whether missing a filing deadline constitutes excusable neglect, the court will consider "all relevant circumstances surrounding the party's omission" including the danger of prejudice to the opposing party, the length of delay and its potential impacts on the proceedings, whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Briones v. Riveria Hotel & casino, 116 F.3d 379, 381 (9th Cir. 1997). Applying these factors, the court finds that setting aside the judgment and allowing the plaintiffs to respond to the motion to dismiss will not result in unfair prejudice or delay of the case, and in the interests of equity, the judgment should be set aside based on the plaintiffs' attorney's excusable neglect. See Id.

The court also finds that the actions of plaintiff's attorney do constitute gross negligence under Rule 60(b)(6) and warrants relief from the judgment. See <u>Community Dental Services v. Tani</u>, 282 F.3d 1164 (9th Cir. 2002); <u>See also</u> <u>James v. U.S.</u>, 215 F.R.D. 590 (E.D. Cal. 2002).

**<u>ORDER</u>**

Based on the foregoing, it is ordered that plaintiffs' motion to set aside the judgment (#35) is granted, defendants' motion is opposition to the motion to vacate (#37) is denied, the judgment (334) is vacated, this case is reopened, the defendants' motion to dismiss (#30) is reinstated, defendants' reply in support of their motion to dismiss is due 14 days from the date of this order, defendants' motion for attorney's fees (#39) is denied, defendants' cost bill (#42) is denied, and defendants' amended motion for extension (#53) is denied.

DATED this ____16____ day of May, 2005.

_____/s/_____

UNITED STATES MAGISTRATE JUDGE