IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTY REED, et al.,

    Plaintiffs,

v.

AMERICAN HONDA FINANCE
CORPORATION, et al.,

    Defendants.

Civil No. 04-3110-CO

ORDER

COONEY, Magistrate Judge:

    Plaintiffs brought this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and the Oregon Unlawful Debt Collection practices Act, ORS 646.639 et seq.. Defendants moved pursuant to Fed. R. Civ. P. 12 to dismiss plaintiffs' complaint (#30). On June 10, 2005, the court entered an order granting the motion to dismiss (#59), and a judgment was entered dismissing the case (#60). Defendants move for an award of costs pursuant to Fed.R.Civ.P. 54(d)(1) (#61) and for an award of attorney's fees (#63).

## DISCUSSION

**Costs**

Defendants move pursuant for Fed.R.Civ.P. 54(d)(1) for an award of costs for legal research. Plaintiffs object to this request arguing that costs for legal research are not recoverable under Rule 54(d)(1).

Rule 54 governs the award of costs. 28 U.S.C. §1920 enumerates the type of costs the court may tax under Rule 54(d)(1). Crawford Fitting Co. v. J.T. Gibbons, Inc.., 482 U.S. 437, 441-442 (1987). Costs for legal research are treated as a component of the attorneys' fees rather than as a cost. See Frederick et al. v. City of Portland, et al., Civil No. 94-40-HA (Opinion and Order May 26, 1995). In addition, legal research is not a cost enumerated in 28 U.S.C. §1920. Therefore, defendants' are not entitled to costs for legal research under Rule 54(d)(1).

**Attorney's Fees**

Defendants move for an award of attorney's fees pursuant to the retail installment contract, 28 U.S.C. §1924, Fed.R.Civ.P. 54, and Local Rule 54 (#63). Plaintiffs object to an award of fees arguing that the retail installment contract is inapplicable and defendants have not made the requisite showing to be entitled to fees under 15 U.S.C. §1692k(a)(3).

Ms. Reed entered into a retail installment contract with defendants in connection with the purchase of the vehicle. The retail installment contract provided that:

> Collections Costs: If I don't make any payment when due according to my payment schedule, I will pay you reasonable amounts permitted by law which you spend to collect what I owe or in trying to repossess or sell the Property. I will also pay lawyers' fees set by the court, including for appeals, that are paid or owed to lawyers who are not your salaried employees.

Exhibit B ¶9.2.

The court finds that this provision is not applicable to this case and cannot serve as a basis for an award of attorneys' fees. Plaintiffs brought this action pursuant to the Fair debt Collection Practices Act and this case did not involve defendants' attempts to collect any debt plaintiffs owed or costs incurred in repossessing the vehicle. Fed.R.Civ.P. 54(d)(2), 28 U.S.C. §1924, and Fed.R.Civ.P. 58©)(2) do not provide a basis for an award of attorneys' fees.

Defendants move pursuant to 15 U.S.C. §1692k(a)(3) for an award of attorneys' fees. Defendants argue that plaintiffs' claims were brought in bad faith and for the purpose of harassment and as such defendants are entitled to an award of fees. Defendants argue that: plaintiffs knew or should have known that defendants were not debt collectors under the Fair Debt Collection Practices Act; defendants had a current right to possession of the vehicle pursuant to the retail installment contract; and plaintiff Reed is an employee of a competitor of defendant One Stop Recovery and Transport, Inc..

15 U.S.C. §1692k(a)(3) allows a defendant to recover reasonable attorneys' fees upon a finding by the court that an action was brought in bad faith and for the purpose of harassment. <u>Horkey v. J.V.D.B. & Associates, Inc.</u>, 333 F.3d 769, 774 (7th Cir. 2003). Dismissal of the case alone is insufficient to support an award of fees. <u>Mendez</u>

3 - ORDER

v. Apple Bank for Savings, 143 Misc.2d 915, 920 (N.Y.N.Y. 1989); Filsinger v. Upton, Cohen, & Slamowitz, 2000 WL 198223 (N.D.N.Y.) at *3-4. Sanctions are warranted if there is evidence that the plaintiff believed the action was without merit or plaintiff was motivated purely be a desire to harass. Id.

In this case, defendants have not offered any evidence that demonstrates plaintiffs believed their action was without merit or that plaintiffs were motivated purely by a desire to harass. Therefore, defendants are not entitled to an award of fees.

### IV. ORDER

Based on the forgoing, it is ordered that defendants' motions for costs (#61) and for attorney's fees (#63) are denied.

DATED this 30 day of June, 2005.

_____
UNITED STATES MAGISTRATE JUDGE